```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

IN RE MENTOR CORP. OBTAPE        *    MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS    *
                                      Case Nos.
LIABILITY LITIGATION             *    4:12-cv-326 (Layton)

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Myra June Layton was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Layton brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Layton also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment on several of Layton's claims. For the reasons set forth below, Mentor's partial summary judgment motion (ECF No. 43 in 4:12-cv-326) is granted in part and denied in part.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## FACTUAL BACKGROUND

On March 18, 2005, Dr. Heather DiMaio implanted Myra June Layton with ObTape to treat Layton's stress urinary incontinence.  Dr. DiMaio relied on information provided by Mentor—including written materials from Mentor, representations from Mentor sales representatives, and the ObTape product insert data sheet—to conclude that ObTape complications like erosion and infection were very rare.  DiMaio Dep. 98:17-101:13, ECF No. 44-3 in 4:12-cv-326.  If Dr. DiMaio had known that the complications were not very rare, as Mentor represented they were, Dr. DiMaio would have reevaluated her decision to use ObTape in patients like Layton.  *Id.* at 87:24-25, 107:6-108:9, 110:6-11.  And Layton testified that if Dr. DiMaio had told her the true risks of ObTape, Layton would not have undergone the ObTape procedure.  Layton Dep. 107:11-23, ECF No. 44-3 in 4:12-

cv-326. Layton contends that she experienced complications that were caused by ObTape.

Layton is a Florida resident whose ObTape-related treatment took place in Florida. She asserts claims for negligence, strict liability - design defect, strict liability – manufacturing defect, strict liability – failure to warn, breach of implied warranties, breach of express warranties, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation.

## DISCUSSION

Layton filed her action in this Court on December 4, 2012 under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. Layton is a Florida resident whose ObTape-related treatment took place in Florida, and the parties agree that Florida law applies to her claims.

Mentor seeks summary judgment on Layton's claims for breach of warranty, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. Layton does not contest Mentor's summary judgment motion as to her implied warranty claim. Summary judgment is therefore granted as to

3

that claim. The Court will evaluate Mentor's remaining summary judgment arguments in turn.

**I.   Breach of Express Warranty**

Mentor argues that Layton's breach of warranty claims fail due to lack of privity. It is undisputed that Layton did not purchase ObTape directly from Mentor. The general rule in Florida is that privity is required for express warranty claims. *E.g.,* Weiss v. Johansen, 898 So. 2d 1009, 1012 (Fla. Dist. Ct. App. 2005). There are some exceptions; privity is not required in suits brought under the Magnuson-Moss Warranty Act. *Rentas v. DaimlerChrysler Corp.*, 936 So. 2d 747, 751 (Fla. Dist. Ct. App. 2006); *cf. Thursby v. Reynolds Metals Co.*, 466 So. 2d 245, 250 (Fla. Dist. Ct. App. 1984) (considering, in evaluating the express warranty claim of a plaintiff who was injured when a machine at his workplace malfunctioned, whether the injured plaintiff's employer's equipment procurement company relied on the seller's statements in making its decision to purchase the machine). Layton did not respond to Mentor's privity argument and did not point the Court to any authority suggesting that the Florida courts would, under the circumstances of this case, depart from the general rule requiring privity for express warranty claims. Therefore, the Court finds that Layton's

4

express warranty claim fails for lack of privity, and Mentor is entitled to summary judgment on this claim.[1]

## II. Misrepresentation Claims

Mentor seeks summary judgment on Layton's fraudulent and negligent misrepresentation claims, contending that Florida law requires Layton to prove that she was injured because *she* relied on a misrepresentation from Mentor. But under Florida law, a manufacturer generally has a duty to warn a physician—not the patient—of a medical device's risks. *E.g., Felix v. Hoffmann-LaRoche, Inc.*, 540 So.2d 102, 104 (Fla. 1989). And a misrepresentation claim in a medical device case can be premised on the manufacturer's alleged misrepresentations to a physician. *Cf. Baker v. Danek Med.*, 35 F. Supp. 2d 875, 878 (N.D. Fla. 1998) (finding that negligent misrepresentation claim failed because the *patient's doctor* did not rely on any representations from bone screw manufacturer in deciding to use them in the patient). Thus, if a plaintiff can establish that the manufacturer made misrepresentations to her physician regarding the risks of a product and that the physician would not have recommended the product for the plaintiff had she known the

---

[1] Layton points out that the Court previously denied summary judgment as to another Florida plaintiff's express warranty claim. *Burch v. Mentor*, No. 4:12-cv-276, 2015 WL 5722799, at *3 (M.D. Ga. Sept. 29, 2015). In that case, Mentor did not move for summary judgment on the plaintiff's express warranty claims based on lack of privity. Rather, in *Burch*, the only issue before the Court with regard to the plaintiff's express warranty claim was whether the plaintiff pointed to enough evidence of reliance.

5

product's true risks, then the reliance and causation elements are satisfied.

Here, Layton asserts that Mentor, intending to defraud her and induce her to undergo the ObTape procedure, made misrepresentations to Dr. DiMaio about the safety of ObTape that induced her to recommend ObTape to Layton. Layton further contends that she relied on Dr. DiMaio in deciding to proceed with the ObTape procedure. And Layton produced evidence that Dr. DiMaio would have reevaluated her decision to use ObTape in patients like Layton had she known its true risks. Thus, the Court is satisfied that a genuine fact dispute exists on the justifiable reliance and causation elements, and Mentor is not entitled to summary judgment on Layton's misrepresentation claims.

**III. Fraudulent Concealment Claim**

Mentor also seeks summary judgment on Layton's fraudulent concealment claim. In support of this argument, Mentor points to *Greenberg v. Miami Children's Hospital Research Institute, Inc.*, 264 F. Supp. 2d 1064, 1073 (S.D. Fla. 2003), which states that "[a]llegations of fraudulent concealment by silence must be accompanied by allegations of a special relationship that gives rise to a duty to speak." In that case, individuals provided tissue samples to researchers who were trying to determine the gene responsible for a disease; once the researchers isolated

6

the gene, they obtained a patent that restricted certain testing and research on the gene and its mutations.  The donors sued, contending that the researchers fraudulently concealed that they would patent their discovery and license testing under the patent.  The court, however, found no fiduciary relationship between the donors and the researchers and thus concluded that there was no duty of disclosure to the plaintiffs.  *Id.*

But *Greenberg* does not apply here.  Mentor cannot seriously dispute that it had a duty to disclose the true risks of ObTape to physicians like Dr. DiMaio.  Moreover, Florida courts have recognized fraud claims based on a manufacturer's omission of material facts about a medical device.  *Adams v. G.D. Searle & Co.*, 576 So.2d 728, 730 (Fla. Dist. Ct. App. 1991) (reversing dismissal of fraud claim because the plaintiff alleged that the defendant, intending to induce a doctor to prescribe its product to the plaintiff, failed to disclose material facts about its product to the plaintiff's doctor).  Layton presented sufficient evidence that Mentor concealed material facts about the risks of ObTape from Dr. DiMaio and that Dr. DiMaio relied on those omissions to Layton's detriment.  Accordingly, the Court denies summary judgment as to Layton's fraudulent concealment claim.

## CONCLUSION

Mentor's motion for partial summary judgment (ECF No. 43 in 4:12-cv-326) is granted as to Layton's warranty claims.

7

Mentor's summary judgment motion is denied as to Layton's misrepresentation and fraudulent concealment claims. Those claims, along with her claims for negligence, strict liability – design defect, strict liability – manufacturing defect, and strict liability – failure to warn remain pending for trial.

**Within seven days of the date of this Order, the parties shall notify the Court whether the parties agree to a *Lexecon* waiver.**

IT IS SO ORDERED, this 29th day of February, 2016.

                                              s/Clay D. Land  
                                              CLAY D. LAND  
                                              CHIEF U.S. DISTRICT COURT JUDGE  
                                              MIDDLE DISTRICT OF GEORGIA